AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | | |
|---|---|---|
| United States of America<br>v.<br>Maurice LACEY<br>SSN:1444<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) | Case No.   22-MJ-1668 |

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **October 21, 2022** in the county of **Bernalillo** in the _____ District of **New Mexico**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) and 924 | Felon in possession of a firearm or ammunition |

This criminal complaint is based on these facts:
See attachement

☑ Continued on the attached sheet.

*Complainant's signature*

Katie M. Stamper - ATF Special Agent
*Printed name and title*

Electronically submitted and telephonically sworn before me.

Date: 10/25/2022

*Judge's signature*

City and state: Albuquerque, New Mexico     Hon. John F. Robbenhaar, U.S. Magistrate
*Printed name and title*

Criminal Complaint - Continued.

United States of America
      V.
Maurice LACEY
SSN: 1444

1. Katie M. Stamper, a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, deposes and states:

2. I am a Special Agent with ATF. I have been employed with ATF since March of 2020. I am an investigative, or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am an officer of the United States who is empowered by law to conduct investigations and make arrests for the offenses enumerated in Titles 18, 21, and 26 of the United States Code.

3. Through the ATF, I have received specialized training in the enforcement of federal firearms, explosives, and arson laws. My training as an ATF Special Agent includes but is not limited to: (1) the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the purchase, possession, distribution, and transportation of firearms and of the laundering and concealment of proceeds of firearms and drug trafficking; (2) surveillance; (3) analysis and processing of documentary, electronic, and physical evidence; (4) the legal and illegal purchase of firearms; and (5) the execution of arrest and search warrants seeking firearms, narcotics, and DNA.

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

5. On October 21, 2022, Albuquerque Police Department (APD) officers responded to a domestic violence related shooting at the Walmart Neighborhood Market located at 4700 Cutler Ave NE, Albuquerque, New Mexico. APD had been advised that a male, later identified as Maurice Lacey (hereafter "Lacey"), had shot a family member, later identified as K.W.,[1] in the back of the head inside of the employee breakroom.

6. When APD responded to the Walmart, they found Lacey standing outside the store and quickly took him into custody without incident. APD Officers also responded inside the store where they found K.W. inside the breakroom. K.W. was conscious but had suffered a single gunshot wound to the back of the head. K.W. was transported to the hospital for emergency treatment and is still undergoing care at the hospital.

---

[1] The victim's full name and relationship to Lacey is known to law enforcement, but not included here to protect the victim's privacy and the ongoing criminal investigation.

Criminal Complaint - Continued.

United States of America
     V.
Maurice LACEY
SSN: 1444

7. APD Officers spoke to S.V.,[2] a Walmart employee that witnessed the shooting inside the breakroom. S.V. told APD Officers that she and K.W. were inside of the breakroom talking when Lacey entered the room without either of them noticing. S.V. told officers that she heard a loud noise and turned to see Lacey standing over K.W. while she was laying on the ground. Lacey had a gun pointed at K.W.'s head and S.V. then heard Lacey say, "That's what she gets for messing around." [referring to K.W.]

8. APD Officers then spoke to J.O., another Walmart employee who was working the customer service desk at the time of the incident. J.O. told officers that she was working when a black male, later identified as Lacey, approached her. J.O. said that Lacey walked up to the customer service area and placed a black handgun on the counter and stated, "I just shot my [redacted]" [reference to K.W.] J.O. continued the conversation with Lacey and was able to use a plastic bag to recover the gun off the counter as well as take Lacey's vehicle keys from him.

9. Later, APD Detective Marc Maycumber reviewed both interior and exterior surveillance footage from Walmart. Detective Maycumber observed Lacey enter the Walmart and walk into the employee breakroom. Detective Maycumber noticed Lacey reaching inside of his waistband as he entered the breakroom. Detective Maycumber then observed Lacey exit the breakroom with a black firearm in his right hand. Detective Maycumber then saw Lacey place the firearm back inside of his waistband and walk to the customer service desk. Lacey then removed the firearm and placed it on the customer service desk. This entire incident was less than three (3) minutes in length.

10. APD Officers obtained a search warrant and recovered the black firearm from the customer service desk. Officers also recovered one (1) 9mm fired casing from the breakroom.

11. On October 24, 2022, I learned that Lacey had a history of perpetrating violence against K.W. and found that on October 17, 2022, K.W. had been granted a temporary restraining order against Lacey. In the restraining order, K.W. indicated fear for her safety and that of her child. K.W. stated, "I'm at the point of being scared for me and my child safety and being at my own home and I don't want to be a victim on the news just literally in fear of my life and not taking these threats lightly." I also found that Lacey was served with a copy of this temporary restraining order on October 18, 2022.

12. I identified the firearm to be a Glock, model 17 GEN 5, 9mm pistol with the serial number BSHR981. I determined that the firearm is not manufactured in the State of New Mexico, therefore affecting interstate commerce.

---

[2] Here, and throughout, the witness' full name is known to law enforcement, but not included here to protect the witness' privacy and the ongoing criminal investigation.

Criminal Complaint - Continued.

United States of America
      V.
Maurice LACEY
SSN: 1444

---

13. I queried Lacey through the Interstate Identification Index (III) and determined that Lacey is a convicted felon. Lacey was convicted of Aggravated Battery with a Deadly Weapon in Cause No. D-202-CR-1994-02404; Trafficking Controlled Substances with the Intent to Distribute in Cause No. D-202-CR-2004-01370; and Trafficking Controlled Substances with the Intent to Distribute in Cause No. D-202-CR-2010-00523, all out of the State of New Mexico. I also determined Lacey was sentenced to over one (1) year in prison for at least one of these convictions. Therefore, I have probable cause to believe that Lacey knew he had been convicted of an offense carrying over one (1) year incarceration.

14. Based upon these facts, I believe that there is probable cause to believe that Maurice Lacey has committed the crime of 18 U.S.C. §§ 922(g)(1) and 924, that being a felon in possession of a firearm.

Respectfully submitted,

Katie M. Stamper
Special Agent
ATF

Electronically submitted and telephonically sworn, on October 25, 2022:

HONORABLE JOHN F. ROBBENHAAR
UNITED STATES MAGISTRATE JUDGE